IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN STATES INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-306-O |
| ARETE REAL ESTATE AND DEVELOPMENT, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment ("Pl. Mot.") (Doc. # 8) filed June 13, 2008.

Having reviewed Plaintiff's motion, the relevant filings, the evidence and arguments presented at the March 12, 2009 hearing on this matter, and the applicable law, the Court finds that Plaintiff's motion should be and is hereby **GRANTED.**

### I.     Factual and Procedural Background

On February 20, 2008, American States Insurance Company ("Plaintiff") filed this suit against Arete Real Estate and Development, Joe Fogarty, and Nancy Fogarty (collectively "Defendants") based on diversity of jurisdiction under 28 U.S.C. § 1332(a). Doc. # 1 ("Compl.") at 1. Plaintiff alleges a breach of contract claim, and asks for actual damages in the amount of $145,833.38 plus accrued interest, as well as attorney's fees, and pre- and post-judgment interest. *Id.* at 3-5.

Plaintiff alleges that Defendants have failed to make payments under a promissory note executed to satisfy Defendants' indemnity obligations to Plaintiff under a General Contract of Indemnity. Compl. at 2. Specifically, Plaintiff alleges that Defendants requested Plaintiff issue surety bonds on behalf of Defendants and in favor of various obligees, and that in consideration for the bonds, Defendants agreed to indemnify Plaintiff for any losses. *Id.* Plaintiff alleges that claims were made under the surety bonds, causing Plaintiff to incur losses based on its payments of those claims. *Id.* Plaintiff alleges that, as a result of these payments, Plaintiff sought indemnity from Defendants. *Id.* On September 30, 2005, Defendants signed a promissory note, agreeing to make quarterly payments plus interest to Plaintiff in order to satisfy the indemnity debt of $350,000.00. *Id*. at Exhibit A. Plaintiff alleges that Defendants made several payments under the note, but that Plaintiff did not receive all payments due under the note. *Id.* at 3. Plaintiff alleges that despite numerous attempts, Defendants have failed to respond to Plaintiff's letters requesting the past-due payments, resulting in Plaintiff filing this lawsuit. *Id.*

The record reflects that on May 2, 2008, the Clerk issued summons to all three Defendants. *See* Doc. # 3. None of the Defendants have answered, nor otherwise filed a responsive pleading within twenty (20) days of the date of service as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff now moves the Court for entry of default and a default judgment against Defendants awarding actual damages, attorney's fees, costs of court, and prejudgment interest as pleaded in its complaint. Pl. Mot. at 3. Defendants did not file a response to Plaintiff's motion for default judgment, and did not appear at the March 12, 2009 evidentiary hearing regarding Plaintiff's damages.

Plaintiff's Motion for Default is ripe for determination.

## II.   Discussion

### A.   Legal Standard

Rule 55 of the Federal Rules of Civil Procedure ("Rule 55") sets forth certain conditions under which default may be entered against a party, as well as the procedure by which a party may seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for entering a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an *entry of default* may be entered when the default is established by affidavit or otherwise. *Id.* Third, a plaintiff may then apply to the clerk or Court for a *default judgment* after an entry of default is made. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141. Here, Plaintiff requests that the Court enter a default judgment because Defendants have failed to plead or otherwise respond to their complaint. *See generally* Pl. Mot. The Court must first decide whether an entry of default is warranted. FED. R. CIV. P. 55(b).

### B.   Service of Process

The plaintiff is responsible for properly serving all defendants with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1). Once served, a defendant must file a reply to the complaint within 20 days of service. FED. R. CIV. P. 12(a)(1)(A)(i). "Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999).

Rule 4 of the Federal Rules of Civil Procedure provides various methods for serving different types of defendants. Under Rule 4(e), an individual may be served by delivering a copy of the summons and the complaint personally; leaving a copy of each at the individual's dwelling with someone of suitable age who resides there; or delivering a copy of each to an agent authorized by appointment to receive service of process. FED. R. CIV. P. 4(e)(2)(A)(B)(C).

In this case, the return of service concerning individual defendants Nancy and Joe Fogarty shows that the summons and a copy of the complaint were personally delivered. *See* Doc. # 4; Doc. # 6. Thus, the Court finds that Plaintiff properly served Defendants Nancy and Joe Fogarty in compliance with Rule 4(e).

Because Defendant Arete Real Estate and Development Company is a corporate entity, service is governed by Rule 4(h). Under Rule 4(h)(1)(B), a corporation is to be served by delivering the summons and a copy of the complaint to an officer, managing agent, or any other agent authorized by appointment to receive service of process. FED. R. CIV. P. 4(h)(1)(B). Under the Texas Business Corporation Act, "[t]he president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served." TEX. BUS. CORP. ACT ANN. art. 2.11 (Vernon 2005).

In this case, Plaintiff delivered the summons and copy of the complaint to Nancy Fogarty, Vice President of Arete Real Estate and Development Co. *See* Doc. # 5. Therefore, the Court finds Defendant Arete Real Estate and Development Company was properly served in compliance with Rule 4(h).

4

In sum, the Court concludes that Plaintiff properly served all Defendants. Even though they were properly served, Defendants failed to plead or otherwise respond to the complaint. Thus, the Court finds entry of default is proper.

### C.    Default Judgment

#### 1.    Entitlement to Default Judgment

The Court now turns to Plaintiff's request for default judgment. The Fifth Circuit holds that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Factors that a district court may consider include: (1) if the default was caused by a good faith mistake or excusable neglect; (2) if there has been substantial prejudice; (3) the harshness of a default; (4) if there are material issues of fact; (5) if grounds for a default judgment are clearly established; and (6) if the court would think it was obligated to set aside the default on the defendant's motion. *Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

There is no evidence that Defendants' failure to appear is the product of a "good faith mistake or excusable neglect." In fact, it appears the Defendants have ignored the complaint. Also, there is no evidence that either party has experienced substantial prejudice during the filing of this suit. A default judgment in this situation would not lead to an excessively acrimonious

5

result. Defendants' failure to plead or otherwise respond to the complaint means there are no material issues of fact in dispute. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact.")  Moreover, because the procedural prerequisites for entry of a default have been fully satisfied, it is highly unlikely that the Court would set aside the default on the Defendants' motion.

Further, the Court recognizes a default judgment may not be entered against an infant or incompetent person unless represented in the action by a general guardian, conservator, or other like fiduciary who has appeared. FED. R. CIV. P. 55(b)(2). Likewise, a default judgment may not be entered against an individual in military service until an attorney is appointed to represent the defendant. 50 App. U.S.C.A. § 521 (West 2008). In the instant case, the Court finds that none of the Defendants are an infant, an incompetent person, or an individual in the military. (Pl. Mot. Ex. B). Therefore, the Court finds that Plaintiff has procedurally satisfied the requirements for a default judgment.

In awarding damages, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). In other words, the relief prayed for in the complaint limits the relief available on default judgment. *Arista Records LLC v. Salas*, No. 3:08-CV-855-O, 2009 WL 290185, at *2 (N.D. Tex Feb. 5, 2009).

Here, consistent with the damages alleged in its complaint, Plaintiff requests that the Court enter judgment for actual damages in the amount of $184,260.43.[1]  Plaintiff has provided evidence supporting an award of damages in this amount, including the promissory note, demand letters, and the affidavit of an employee of Plaintiff's with relevant knowledge.  The Court finds that Plaintiff's request for $184,260.43 in actual damages is appropriate given the terms of the promissory note and Plaintiff's effort to collect the outstanding debt owed to it by Defendants.  Accordingly, the Court is of the opinion that Plaintiff's request for actual damages is reasonable and should be and is hereby **GRANTED**.  The Court now considers Plaintiff's request for attorney's fees.

2.   Entitlement to Attorney's Fees

Ordinarily, attorney's fees are not awarded to a prevailing party absent statutory authority or contractual language.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  However, Plaintiff is entitled to an award of attorney's fees under Texas Civil Practice and Remedies Code section 38.001(8), which provides that a party may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for an oral or written contract.  Here, Defendants breached a contract by failing to make the quarterly installment payments, and therefore Plaintiff is entitled to attorney's fees pursuant to 38.001.  Accordingly, the Court finds that Plaintiff is entitled to reasonable attorney's fees incurred in litigating its breach of contract claim.

---

[1] Plaintiff's complaint and motion for default state that Defendants owe an unpaid principal balance of $145,833.38 plus accrued interest.  At the hearing on Plaintiff's motion, Plaintiff produced evidenced that, with accrued interest, Defendants owe Plaintiff $184,260.43.

7

      3.      Reasonableness of Attorney's Fees Incurred

In diversity cases, state law controls the reasonableness of attorney's fees awarded where state law supplies the rule of decision. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, to recover attorney's fees, the plaintiff must prove that the attorney's fees were reasonable and necessary for the prosecution of the case. *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997). A plaintiff must ask the fact-finder to award a specific dollar amount, not merely an amount as a percentage of judgment. *Id.* at 819.

Texas courts, like the Fifth Circuit, generally use the lodestar method for calculating reasonable attorney's fees. *See Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782-83 (Tex.App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *see also Guity v. C.C.I. Enters., Co.*, 54 S.W.3d 526, 528 (Tex.App.—[1st Dist.] 2001, no pet.) (stating that in determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard, and that this standard is substantially the same under Texas and federal law); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (applying lodestar method with respect to attorney's fees in connection with federal claims). However, under Texas law, strict reliance on the lodestar method of calculation is not required if the plaintiff can otherwise demonstrate that the fees sought are reasonable. *See e.g.*, *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240-41 (Tex.App.—San Antonio 2001, pet. denied).

The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See La. Power & Light Co.*, 50 F.3d at 324. In the second step of

the lodestar method, a court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *Id.* The Texas Supreme Court has identified eight factors to be used by the fact-finder to determine the reasonableness of the fees.[2] *Arthur Anderson & Co.*, 945 S.W.2d at 818. If these factors are accounted for in determining the lodestar amount, they should not be considered when making adjustments. *Guity*, 54 S.W.3d at 529.

Plaintiff asks the Court to award $19,040.30 for attorney's fees incurred in this action, and also asks for a conditional award of attorney's fees in the event of further action by Defendants.[3] Plaintiff has submitted billing statements from November 2007 to March 2009, demonstrating that Plaintiff has incurred $14,540.30 in attorney's fees in this action. Plaintiff has also submitted the affidavit of attorney Mike Pipkin, which states that an additional $4,500.00 is expected to be billed to Plaintiff in connection with the hearing on Plaintiff's Motion for Default Judgment. In support of these requested amounts, Mr. Pipkin avers that his firm has charged Plaintiff the following hourly rates: $260-270 for attorney work by Mr. Pipkin, $205-270 for attorney work by Ms. Blakely and Ms. Schultz; and $120 paralegal work by Ms.

---

[2] These factors are: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing their services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Anderson & Co.*, 945 S.W.2d at 818.

[3] Plaintiff requests the following conditional amounts: $75,000 should this matter proceed to trial, $20,000 in the event of appeal to the Fifth Circuit, and $10,000 in the event of appeal to the Supreme Court.

Holder.  The billings statements submitted by Plaintiff indicate the number of hours Plaintiff's counsel billed at each of these rates.

Having considered the evidence Plaintiff has submitted in support of its request for attorney's fees, in light of the factors identified in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997), the Court finds that $14,540.30 represents a reasonable amount of attorney's fees incurred in connection with Plaintiff's counsel's work on this case up to the hearing on Plaintiff's motion for default.  Accordingly, the Court hereby awards Plaintiff $14,540.30 in reasonable attorney's fees incurred.

However, the Court does not find it appropriate to award an additional $4,500.00 for work not yet billed to Plaintiff, as the Court is presently without a sufficient basis to determine the reasonableness of this requested amount.  Accordingly, the Court denies without prejudice Plaintiff's request for an additional $4,500.00 in attorney's fees for work in connection with the hearing on Plaintiff's motion.  Plaintiff may submit a motion asking for these attorney's fees after judgment has been entered in this case pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  This motion should attach billing statements or other evidence of the number of hours worked in connection with the hearing, as well as the hourly rates charged for this work.

In addition, the Court declines to conditionally award Plaintiff attorney's fees in the event that Defendants pursue further action.  It is well-established precedent that a party entitled to recover attorney's fees and costs at trial is also entitled to recover them for successfully defending the case on appeal.  *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003) (finding that plaintiff was entitled to attorney's fees relating to its defense of the district

court judgment on appeal) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 165-66 (Tex. App.—El Paso 1991, no writ). However, a district court's refusal to award appellate attorney's fees before an appeal has even been taken is not error. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003). Thus, because Defendants have not participated in this case, and there is no indication they will file any additional motions or an appeal, the Court declines to conditionally award fees in advance of work performed.

        4.        Prejudgment Interest

Plaintiff also asks the Court to award prejudgment interest. Under Texas law, there are two sources for an award of prejudgment interest: (1) common law equitable principles; and (2) an enabling statute. *Formosa Plastics Corp., USA v. Kajima Int'l, Inc.*, 216 S.W.3d 436, 465 (Tex.App.—Corpus Christi 2006, pet. denied) (en banc) (citing *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998)). Here, Plaintiff has identified no enabling statute, and the Court has found none. Thus, the Court looks to Texas common law in awarding prejudgment interest.

Under Texas common law, prejudgment interest accrues on the earlier of 180 days after a defendant receives written notice of a claim or the day suit is filed. *Johnson & Higgins of Tex, Inc.*, 962 S.W.2d at 531. The Court finds it appropriate to award prejudgment interest in this case, with such interest accruing on the date suit was filed.[4] This prejudgment interest accrues at the same rate as post-judgment interest under Texas law, and will be computed as simple interest. *See Johnson & Higgins of Tex, Inc.*, 962 S.W.2d at 531.

---

[4] Plaintiff has produced evidence that it sent a letter to Defendants demanding payment on September 4, 2007, less than 180 days before this suit was filed on February 20, 2008. Compl. at Exhibit B.

### **III.     Conclusion**

Based on the foregoing analysis of facts and legal principles, the Court concludes that Plaintiff's Motion for Default Judgment should be and is hereby **GRANTED**.  Accordingly, the Court will enter a default judgment consistent with its findings herein.

**SO ORDERED** on this 30th day of **March, 2009.**

*[signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**